**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4003**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISRAEL PEREZ GARCIA, a/k/a Esequiel Garcia Guzman,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00212-TDS-1)

———————

Submitted:  July 29, 2025                                        Decided:  August 1, 2025

———————

Before KING, WYNN, and BERNER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Eugene Ernest Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Lauren Elizabeth Martin, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Perez Garcia pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). In 2012, the district court sentenced Garcia to 150 months of imprisonment followed by three years of supervised release. In 2023, the district court revoked Garcia's supervised release and sentenced him to seven months of imprisonment followed by 12 months of supervised release. When Garcia tested positive for controlled substances multiple times, failed to participate in substance abuse treatment, failed to report to the probation officer as instructed, and left the judicial district without permission from the court or his probation officer, the court again revoked Garcia's supervised release. The court sentenced Garcia to 14 months of imprisonment with no further term of supervised release.

Garcia now appeals, and counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the revocation sentence is reasonable. Garcia was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive

2

considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023).

We have reviewed the record and conclude that the sentence is procedurally reasonable. The district court properly calculated the policy statement range, provided the parties an opportunity to be heard, responded to the parties' sentencing arguments, and sufficiently explained the chosen sentence. Based on the court's explanation for the

3

sentence, the sentence is also substantively reasonable.  We have also reviewed the record and find no meritorious issues for appeal.  We therefore affirm the revocation judgment.

This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review.  If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Garcia.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*